United States of America vs.

**United States District Court** for Central District of California

**DEFENDANT**
Juan Ramon Matta-Ballesteros
U.S. Penitentiary
Lompoc, California

CR87-422(f)-

**ENTERED**

## JUDGMENT AND PROBATION/COMMITMENT ORDER AO 245 (9-82)

In the presence of the attorney for the government, the defendant appeared in person on this date — JUNE —

| MONTH | DAY | YEAR |
|---|---|---|
| MAY | 3 | 1991 |

**COUNSEL**
[ ] WITHOUT COUNSEL However, the court advised defendant of right to counsel and asked whether defendant desired to have counsel appointed by the court and the defendant thereupon waived assistance of counsel.
[X] WITH COUNSEL  Martin R. Stolar, Michael J. Burns, Retained.
Adolfo Z. Acquila-Rojas, Retained.
(Name of Counsel)

**PLEA**
[ ] GUILTY, and the court being satisfied that there is a factual basis for the plea,   [ ] NOLO CONTENDERE,   [ ] NOT GUILTY

There being a finding/verdict of
[ ] NOT GUILTY. Defendant is discharged
[X] GUILTY.

**FINDING & JUDGMENT**
Defendant has been convicted as charged of the offense(s) of 18 USC 1959, 2: Violent Crimes in Aid of Racketerring, Aiding and Abetting (Count 3); 18 USC 1201(c): Conspiracy to Kidnap a Federal Agent (Count 5); 18 USC 1201(a)(5), 2: Kidnapping a Federal Agent and Aiding and Abetting (Count 6).

**SENTENCE OR PROBATION ORDER**
The court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the court, the court adjudged the defendant guilty as charged and convicted and ordered that: The defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of

IT IS ADJUDGED on Counts 3,5 and 6, the defendant is hereby committed to the custody of the Attorney General of the United States for imprisonment for a life term on each of Counts 3,5 and 6.  Said sentences on Counts 3,5 and 6 shall run concurrently with each other pursuant to 18 United States Code, Section 4205(a).

**SPECIAL CONDITIONS OF PROBATION**
IT IS FURTHER ADJUDGED that said sentence shall run consecutive to sentence previously imposed and now serving.

IT IS ORDERED that the defendant pay a special assessment of $50 on each Count, for a total of $150, to the United States, pursuant to 18 United States Code, Section 3013(a).

**ADDITIONAL CONDITIONS OF PROBATION**
In addition to the special conditions of probation imposed above, it is hereby ordered that the general conditions of probation set out on the reverse side of this judgment be imposed. The Court may change the conditions of probation, reduce or extend the period of probation, and at any time during the probation period or within a maximum probation period of five years permitted by law, may issue a warrant and revoke probation for a violation occurring during the probation period.

**COMMITMENT RECOMMENDATION**
The court orders commitment to the custody of the Attorney General and recommends,

FILED: May 8, 1991
LEONARD BROSNAN, Clerk

It is ordered that the Clerk deliver a certified copy of this judgment and commitment to the U.S. Marshal or other qualified officer.

**SIGNED BY**
[V] U.S. District Judge
[ ] U.S. Magistrate
MAY 17 1991

*Edward Rafeedie*
**EDWARD RAFEEDIE**   Date  MAY 13 1991

(150)

**GENERAL CONDITIONS OF PROBATION**

Where probation has been ordered, during the period of probation, conduct himself as a law-abiding, industrious citizen and observe all conditions of probation imposed by the court. TO THE DEFENDANT — You shall:
(1) refrain from violation of any law (federal, state, and local) and get in touch immediately with your probation officer if arrested or questioned by a law-enforcement officer;
(2) associate only with law-abiding persons and maintain reasonable hours;
(3) work regularly at a lawful occupation and support your legal dependents, if any, to the best of your ability. (When out of work notify your probation officer at once, and consult him prior to job changes);
(4) not leave the judicial district without permission of the probation officer;
(5) notify your probation officer immediately of any change in your place of residence;
(6) follow the probation officer's instructions and advice as directed.

The Court may change the conditions of probation, reduce or extend the period of probation, and at any time during the probation period or within the maximum probation period of 5 years permitted by law, may issue a warrant and revoke probation for a violation occurring during the probation period.

Maximum probation period (per indictment/information) which may be imposed on defendant eligible for sentencing under the Youth Corrections Act, 18 U.S.C. § 5005 et seq., is one year for conviction of a misdemeanor or six months for conviction of a petty offense.

---

**RETURN**

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

at _____, the institution designated by the Attorney General, with a certified copy of the within Judgment and Commitment.

_____
United States Marshal.

By _____
Deputy Marshal.

EDWARD RAFEEDIE