UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>RENE MARTIN VERDUGO-URQUIDEZ and, JUAN RAMON MATTA-BALLESTEROS,<br><br>    Defendants. | No. LA CR87-00422-JAK (3)(17)<br><br>FINDINGS OF FACT AND CONCLUSIONS OF LAW RE: SPEEDY TRIAL ACT |

    On May 22, 2017, in concurrent civil matters CV 15-09274-JAK and CV 16-2596-JAK, this Court granted motions filed by defendants Rene Martin Verdugo-Urquidez and Juan Ramon Matta-Ballesteros ("Defendants") pursuant to 28 U.S.C. § 2255, vacated Defendants' convictions, and ordered the Government to indicate whether it would proceed to new trial in this matter.

    In subsequent filings, the Government indicated that it wished to conduct mitochondrial DNA tests of certain forensic evidence seized in the original investigation, and asked for further time to report to the Court on its intentions with regard to a new trial. On July 24, 2017, this Court made findings of "excludable delay"

pursuant to the Speedy Trial Act, that is, 18 U.S.C. § 3161 *et seq.* including, specifically, 18 U.S.C. § 3161(e), for the time period of May 22, 2017 through August 29, 2017. (CR 4218, 4219.)

The government made further requests for delay to report it intentions with regard to trial until October 26, 2017. On October 26, 2017, the Government stated its intent to proceed to trial as to each Defendant.

The Court finds that period of time from August 29, 2017 through October 26, 2017 is a period of excludable delay. From the previous 28 U.S.C. § 2255 motions and filings of the parties, the Court is aware of the facts and complexity of the case. Pursuant to the Speedy Trial Act, and specifically 18 U.S.C. § 3161(e), "other factors resulting from the passage of time" make trial within seventy days "impractical," including the Government's recent efforts at mitochondrial DNA testing and that the facts of this case arose primarily in 1986. The Court further finds that this case is "so unusual" and "so complex" both factually and legally that it is unreasonable to expect trial to proceed within the time limits established in 18 U.S.C. § 3161, and for these reasons, the time period of August 29, 2017 through October 26, 2017 is excludable. Pursuant to 18 U.S.C. § 3161(h)(6), upon a motion by the government, a period of delay of trial is reasonable if the ends of justice served by taking such action outweigh the best interest of public and the defendant in a speedy trial. Factors for the Court to evaluate

include whether "the case is so unusual or so complex due to . . . the existence of novel questions of fact . . . that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." 18 U.S.C. § 3161(h)(7)(B)(ii). The Court finds these factors present in this case.

The Court so finds and concludes.

IT IS SO ORDERED.

DATED: November 21, 2017

_____
JOHN A. KRONSTADT
United States District Judge